J-S44030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LAMAR DOUGLAS CLARK | : | |
| | : | |
| Appellant | : | No. 400 MDA 2020 |

Appeal from the PCRA Order Entered January 31, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0005760-2014

BEFORE: BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:          **FILED: JANUARY 13, 2021**

Appellant Lamar Douglas Clark appeals from the order denying, after an evidentiary hearing, his first Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, petition.  On appeal, Appellant raises several claims of trial counsel's ineffectiveness.  We affirm.

We state the facts as set forth by this Court on direct appeal:

Some time before 10:00 p.m. on November 7, 2014, [Appellant] entered Shenk's Cafe, a neighborhood tavern in Lancaster, Pennsylvania, with Daniel Ishman, known as "Zip."  The bar area of Shenk's Cafe is a narrow space, approximately 14 feet wide. At the time [Appellant] entered, the crowd in the barroom was estimated at between 20 and 50 people.

[Appellant] and Ishman left the bar and returned approximately twenty minutes later with Joshwin Gonzalez, known as "J" or "Joey."  At around 10:00 p.m., [Appellant] called Ishman over and said that "he felt like someone was after him."  Then, as Gonzalez approached, [Appellant] told him to stop and asked why he was coming over.  Gonzalez replied that he thought [Appellant] had called him.  [Appellant] then pointed a pistol at him and fired five shots.  Three people were struck by gunfire.

Joshwin Gonzalez suffered a gunshot wound to the left arm. Cynthia Boots, a customer who had been seated near the jukebox, suffered a wound to the left breast. Barry Diffenderfer, a customer also seated near the jukebox, suffered a fatal wound to the chest. He was found unresponsive on the floor by the first responding police officer.

Shortly after the shooting, police observed [Appellant] running naked on Chestnut Street, approximately two blocks from Shenk's Cafe. As [Appellant] was being detained, a juvenile called to police and gave a pistol to Lancaster City Detective Stanley Roache explaining that [Appellant] had given the weapon to him. That weapon, a five-shot revolver, contained five spent .38 caliber cartridges. Four .38 caliber bullets were recovered from Shenk's Cafe; one had DNA from Joshwin Gonzalez and a second had DNA from Cynthia Boots. A fifth bullet was recovered from the body of Barry Diffenderfer. The pistol that the juvenile gave to police was traced back to the late father of [Appellant]'s current girlfriend at the address where [Appellant] lived with his girlfriend.

Police were able to identify and interview approximately twelve people who had been in Shenk's Cafe that night. One witness, Veldresha Lucas, [Appellant]'s sister, testified to seeing the interaction between [Appellant], Ishman and Gonzalez that preceded the shooting as well as the shooting itself. Others testified to hearing shots and hiding in fear.

[Appellant] also presented evidence which was largely discredited by the jury. . . . Martha Cuelo testified that she overheard Ishman saying that "they had set up [Appellant] and he was going to never come out . . . ."

On cross examination, Detective Roache testified that the juvenile who handed him the pistol told him that [Appellant] had said "they tried to kill me." Police Officer Ben Bradley, who was present when [Appellant] was detained and transported him to the police station, also testified on both direct and cross examination that [Appellant] had said "they tried to set me up in Shenk's."

*Commonwealth v. Clark*, 2017 WL 1520732, at \*3-\*4 (Pa. Super. filed

Apr. 25, 2017) (unpublished mem.) (citations omitted), *appeal denied*, 177

A.3d 829 (Pa. 2018) (*per curiam* order).

> On May 3, 2016, after a six[-]day jury trial, [Appellant] was found guilty of one count of third degree murder, two counts of aggravated assault, eleven counts of recklessly endangering another person and one count of firearms not to be carried without a license. On July 7, 2016, [Appellant] was sentenced to an aggregate term of not less than 38 and one-half nor more than 81 years incarceration. . . .

*Id.* at \*3 (footnotes omitted). This Court affirmed on April 25, 2017, and

our Supreme Court denied Appellant's petition for allowance of appeal on

January 3, 2018.

On November 26, 2018, the PCRA court docketed Appellant's timely

first *pro se* PCRA petition. Appellant's PCRA petition raised several claims,

which we summarize in relevant part below. The PCRA court appointed

PCRA counsel.[1] The PCRA court held an evidentiary hearing on July 23,

2019, at which Appellant's trial counsel, among others, testified. The docket

reflects that on January 31, 2020, the PCRA court denied Appellant's PCRA

petition, and on February 27, 2020, Appellant filed a timely notice of

---

[1] PCRA counsel indicated he would not file an amended petition but
continued to represent Appellant.

appeal.[2] Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement, which only raised the following four issues:

> 1. The [PCRA c]ourt [erred] in determining that trial counsel was not ineffective for failing to call Anthony Clark as a witness at trial.
>
> 2. The [PCRA c]ourt [erred] in determining that trial counsel had a reasonable strategic basis for his failure to object to the Commonwealth's questioning of Detective Roache, which elicited testimony that was in violation of the trial court's order regarding [Appellant's] Motion in Limine.
>
> 3. The [PCRA c]ourt [erred] in determining that trial counsel had a reasonable strategic basis for his failure to seek DNA evidence.
>
> 4. The [PCRA c]ourt [erred] in determining that trial counsel had a reasonable strategic basis for his failure to request a jury instruction for involuntary manslaughter.

Appellant's Rule 1925(b) Statement, 3/23/20 (formatting altered).

Appellant's counsel's brief identifies one question, "Whether the trial court erred in denying Appellant's motion for post-conviction collateral relief," but raises the following six issues, which we reordered for ease of disposition:

> 1. Trial counsel's failure to call Anthony Clark as a witness for the defense.
>
> 2. Trial counsel's failure to object to the violation of the court's order regarding a Motion in Limine.

---

[2] Neither filing was transmitted to this Court as part of the certified record. We add that the PCRA court's January 31, 2020 order was attached to Appellant's brief.

3. Trial counsel's failure to pursue DNA evidence.

4. Trial counsel's failure to request a jury instruction for involuntary manslaughter.

5. Trial counsel's decisions to ask a key defense witness, Joshua Welsh, a question that elicited a response which undermined the witness's credibility.

6. Trial counsel's lack of communication with [Appellant] regarding his decision as to whether he should testify in his own defense.

Appellant's Brief at 4, 6 (formatting altered).[3]

We need not summarize Appellant's arguments in support of his first four issues for the reasons that follow. Further, Appellant did not cite or discuss any legal authorities in support of his arguments.

Our standard of review follows:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions. . . .

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective.

_____

[3] Appellant's brief violates numerous Pennsylvania Rules of Appellate Procedure, including Pa.R.A.P. 2119(a), which states the "argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered), *appeal denied*, 216 A.3d 1029 (Pa. 2019).

Claims may be waived under Rule 2119(a) for failure to cite to relevant case law or to otherwise develop issues in a meaningful fashion capable of review. *See* Pa.R.A.P. 2119(a); *see also Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009).

> [I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b).
>
> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (some citations omitted).

Instantly, as noted above, for his first four issues, Appellant failed to cite supporting legal authority or analyze relevant case law. *See* Pa.R.A.P. 2119(a); *see also Kane*, 10 A.3d at 331. Further, Appellant did not discuss any of the relevant standards of review or legal principles governing a claim of trial counsel's ineffectiveness. *See* Pa.R.A.P. 2119(a); *see also Kane*, 10 A.3d at 331. Appellant's boilerplate allegations of ineffectiveness do not satisfy his burden of proving trial counsel was ineffective. *See Sandusky*,

203 A.3d at 1043-44. Because Appellant failed to meaningfully develop his arguments, Appellant is not entitled to relief for his four issues. **See Kane**, 10 A.3d at 331.

Finally, with respect to Appellant's last two issues, it is well-settled that "[a]ny issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). Here, Appellant failed to raise his last two issues in his Rule 1925(b) statement, and therefore has waived them for appellate review. **See id.** For these reasons, because Appellant failed to establish legal error, we affirm.[4] **See Sandusky**, 203 A.3d at 1043-44.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/13/2021

---

[4] "[I]ssues of PCRA counsel effectiveness must be raised in a serial PCRA petition." **Commonwealth v. Ford**, 44 A.3d 1190, 1200 (Pa. Super. 2012).